KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

DANIEL J. FETTERMAN
DIRECT DIAL: (212) 506-1934
DIRECT FAX: (212) 500-3434
DFETTERMAN@KASOWITZ.COM

ASPEN
ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

April 14, 2020

**VIA EMAIL**

Hon. P. Kevin Castel
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States v. Niket Jain*, Case No. 19 Cr. 59 (PKC)

Dear Judge Castel:

We represent the person identified as Individual-1 in the reply letter by Niket Jain filed on April 10, 2020 ("Jain's Reply"). (Dkt. No. 95). We write in response to Jain's Reply, which responded to Individual-1's letter dated April 1, 2020 (the "Application Letter"). (Dkt. No. 85).

Mr. Weinstein's bluster notwithstanding, we brought this application on Individual-1's behalf pursuant to our ethical obligation to protect one of the most sacrosanct and important privileges in our justice system – the attorney-client privilege. As set forth in our Application Letter and herein, Individual-1 has valid attorney-client and work product protections that could not be and were not waived through the government's inadvertence and accidental disclosure of the protected materials in violation of an explicit agreement to protect and not "intrude" upon Individual-1's protections. We therefore respectfully request this Court's assistance in maintaining those protections – plain and simple.

Jain's Reply claims that Individual-1 has no privilege over the materials accidentally disclosed by the government because Individual-1 has produced neither to the Court nor Mr. Weinstein the agreement that protected his privilege. While Individual-1 never had an obligation to produce the agreement to Mr. Weinstein, we nevertheless have attached the agreement to this letter as Exhibit A, which shows that indeed, Individual-1, through his counsel, never waived his privilege at any

time and in fact took every step to assert and protect his privilege by entering into this agreement with the government.

Mr. Weinstein also argues that the Application Letter makes no factual showing, and, as such, Individual-1 cannot show that the materials are privileged. He misconstrues the Application Letter, wherein we clearly state that we would, "if the Court requests, be more than willing to put in a supplemental *ex parte* submission demonstrating how the communications are privileged and work product." *Application Letter*, at 3. To that end, and in response to Mr. Weinstein's letter, we attach herewith an affirmation as Exhibit B, which confirms that there are documents that are protected by the attorney-client and work product protections.

Mr. Weinstein alternatively claims that Individual 1's agreement and the Indictment together show, at the very least, that Jain controls the privilege for the Aberon-related documents that the government accidentally disclosed. *Jain Reply*, at 4. Unfortunately, Mr. Weinstein conflates various doctrines and misstates the law. Granted, the "attorney-client privilege rests with the corporation's management." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985). But "[w]hen control of the corporation passes to new management, the authority to assert and waive the privilege also passes . . ., with respect to corporate communications made by former officers and directors." *Id.* Thus, Jain has lacked control over Aberon documents from the time he left Aberon, because "there is no logical reason why he would need . . . to be able to access or have control over . . . documents embodying privileged communications made in the past while he served the corporation." *Fitzpatrick v. American Intern. Group, Inc.*, 272 F.R.D. 100, 108 (S.D. N.Y. 2010).

Lastly, Jain again mistakenly relies on *Sattar* to assert that Individual-1 waived his privilege "by giving the data to the Government . . ., knowing that the Government would have the constitutional obligation to produce the data to a defendant in a criminal case. *Jain Reply*, at 4. As argued at length in the Application Letter, *United States v. Sattar* does not address the government's constitutional obligations in light of a party's competing attorney-client privilege, and the government's position in that case provides no guidance for the Court. 2003 WL 22137012 (S.D.N.Y. Sept. 15, 2003) (finding the record insufficient to answer whether Sattar's constitutional "rights require production of those materials); *see Application Letter*, at 5–6. Moreover, *Sattar* is wholly distinguishable because unlike in *Sattar*, where the government had lawful possession and control over the relevant materials obtained through legal process, here the government never had the lawful right to review or use the substance of privileged or work product materials contained on the devices at issue.

Respectfully submitted,

*/s/ Daniel J. Fetterman*
Daniel J. Fetterman

# EXHIBIT A

**From:** Adams, Andrew (USANYS) 1 <AAdams1@usa.doj.gov>
**Sent:** Tuesday, October 9, 2018 11:37 AM
**To:** LaMorte, Tara (USANYS) <TLaMorte@usa.doj.gov>
**Subject:** Fwd: [redacted]

Sent from my iPhone

Begin forwarded message:

> **From:** David Gourevitch <david@gourevitchlaw.com>
> **Date:** October 9, 2018 at 11:28:44 AM EDT
> **To:** "Boddy, Wayne C. (NY) (FBI)" <wcboddy@fbi.gov>
> **Cc:** "Adams, Andrew (USANYS) 1" <Andrew.Adams@usdoj.gov>
> **Subject:** [redacted]
>
> Dear Wayne:
>
> My client [redacted] has agreed, as part of his initial steps toward a cooperation agreement, to voluntarily produce to the government his devices containing electronically stored documents and correspondence. In doing so, [redacted] does not waive any privilege he or Aberon Capital Management may have including the attorney-client privilege and work production protections. The FBI, for its part, has agreed to respect the privilege and protections, and to separate those documents that are or appear to be privileged, and to provide only the non-privileged documents to the investigative agents, using a taint team or something akin to that.
>
> Below is a list of names and email address of attorneys who have represented [redacted] and/or Aberon:
>
> **[redacted] Lawyer List**
> Michal Ybarra ==> michael@ybarrapllc.com
> Lane Sanders ==> lane.sanders@gmail.com , lane@ybarrapllc.com
> Jeffrey Fleischmann ==> jf@lawjf.com
> Herb Nass ==> herbnass@nasslaw.net
> Daniel Axman ==> danielaxman@nasslaw.net
> Lindsay Blodgett ==> lindsayblodgett@nasslaw.net
> Alex Suslensky ==> alex@suslaw.com
> Julio Vega ==> julio.vega@bingham.com , julio.vega@bingham.com
> Matthew Cushing ==> matt.cushing@bingham.com
> Dyke Arboneaux ==> Dyke.Arboneaux@bryancave.com>
> Alexander Kaplun ==> akaplun@golenbock.com
> Eric Tausner ==> etausner@golenbock.com
>
> **Aberon Lawyer List**
> Bart Mallon ==> bmallon@colefrieman.com , bmallon@mallonpc.com
> Hayden Isbister ==> hayden.isbister@ogier.com

Tania Dons ==> Tania.Dons@conyersdillandpearman.com
Michael Mavrides ==> michael.mavrides@bingham.com , MMavrides@proskauer.com
Steven Vecchio ==> steven.vecchio@bingham.com

Because privileged documents (as opposed to correspondence) are sometimes difficult to identify as privileged, [redacted] at my request has moved those prepared by or for counsel to files labeled privileged. Those with me have been moved to a file labeled privileged-Gourevitch. Please confirm that the FBI will take appropriate steps to protect, preserve and not intrude upon the privilege and protections of these documents. In the event that privileged documents were inadvertently not been included in the privileged folder, that should not be viewed as a waiver of the privilege or protection.

We discussed making the devices available on Wednesday. For us, the most convenient method would be to make the devices available to you and/or your colleagues on Wednesday morning and for them to be copied then and there and the originals returned.

Many thanks,

David

**The Law Office of David U. Gourevitch, P.C.**
950 Third Avenue, 32nd Floor
New York, NY 10022
212-355-1300 (phone)
646-365-8818 (fax)

The information contained in this e-mail message from The Law Office of David U. Gourevitch, P.C., any attachments thereto, and any information contained in e-mail messages replying to this e-mail message are privileged and confidential. This e-mail message is intended only for the use of the named recipient(s) and the attorney-client and attorney work-product privileges are not waived by virtue of this having been sent by e-mail. If you receive this e-mail message in error, you are strictly prohibited from, and it may be illegal to, copy, distribute or use the information. If you have received the foregoing e-mail message in error, please contact the sender immediately by return e-mail and delete the original e-mail message.

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Docket No.: 19-cr-059 (PKC) |
| NIKET JAIN, | |
| Defendant. | **AFFIRMATION OF DANIEL J. FETTERMAN IN SUPPORT OF INDIVIDUAL-1'S REPLY TO DEFENDANT'S LETTER DATED APRIL 10, 2020** |

I, DANIEL J. FETTERMAN, do hereby declare under penalty of perjury, as follows:

1. I am an attorney admitted to practice law before this Court and a partner with the law firm Kasowitz Benson Torres LLP, and I am counsel for the person identified in the Indictment as Individual-1, who is not a party to this case. I respectfully submit this affirmation in support of Individual-1's reply to the letter submitted by the above-captioned Defendant on April 10, 2020. I am fully familiar with all matters set forth in this affirmation.

2. I have reviewed some of the documents contained in copies of the folders on Individual-1's computer that were given to the government and segregated as subject to the attorney-client privilege and work product doctrines. These documents included the substance of confidential questions that Individual-1 was asking his former criminal lawyer for the purposes of his attorney providing legal advice as well as copies of his former criminal lawyer's classic work product, including relevant chronologies and attorney notes. The documents also included

confidential communications between Individual-1 and his civil attorneys for the purposes of giving and receiving legal advice relating to his civil dispute with Jain.

Dated: New York, New York
April 14, 2020

/s/ *Daniel J. Fetterman*
Daniel J. Fetterman